# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANDREW ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-1394-CAS |
| ) | |
| JURY DUTY, ) | |
| SSA-POLICE, ) | |
| POLICE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Andrew Elliott to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion for appointment of counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, applicant will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, the Court has reviewed the instant complaint and will dismiss it prior to service.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**The complaint**

Liberally construing plaintiff's complaint, it appears that plaintiff alleges that he was wrongfully imprisoned because he refused to appear for jury duty. He seeks monetary and declaratory relief. [1]

**Discussion**

Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint directly attacks the validity of his confinement. Unless and until plaintiff has this confinement overturned in an appropriate proceeding, the instant § 1983 action seeking damages for plaintiff's supposedly illegal confinement is prohibited by Heck v. Humphrey, 512 U.S. 477 (1994).

In accordance with the foregoing,

---

[1] The claims asserted in the instant complaint are nearly identical to those asserted by plaintiff in Elliott v. Jury Duty, No. 4:06CV945CAS (E.D.Mo.). This prior case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

2

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as: Andrew Elliott v. Jury Duty, SSA Police, and Police.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this memorandum and order.

Dated this  5th  day of February, 2007.

                                                                         _____
                                                                         **CHARLES A. SHAW**
                                                                         **UNITED STATES DISTRICT JUDGE**